IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 03-40 Erie |
| ) | |
| DEMOND POETRY BEASON ) | |

**DEFENDANT'S SECOND POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Demond Poetry Beason, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files his Second Position With Respect To Sentencing Factors. In support thereof, counsel states:

On September 21, 2004, this Court sentenced Mr. Beason to 190 months of incarceration to be followed by three years of supervised release and a $200 special assessment. At the sentencing, over Mr. Beason's objections, this Court applied the United States Sentencing Guidelines in a manner that violated Mr. Beason's Sixth Amendment right to trial by jury. While Mr. Beason's appeal was pending, the United States Supreme Court issued its opinion in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). By consent of the parties, the Third Circuit remanded the case to this Court for resentencing under Booker.

I.  Guideline Objections

Mr. Beason reasserts his previous objections to the presentence report and its calculations of the Sentencing Guidelines. Those objections have been previously briefed and argued to the Court and Mr. Beason will not repeat them here but Mr. Beason wants to make it clear that he is not waiving those arguments by not rearguing them in this proceeding.

II.  The Appropriate Sentence under 18 U.S.C. § 3553(a)

This case is before this Court for resentencing because treating the Sentencing Guidelines as mandatory sentencing rules, as this Court did at Mr. Beason's first sentencing, violates Mr. Beason's Sixth Amendment right to a trial by jury.  Following <u>Booker</u>, this Court can not treat the guidelines as binding nor can it treat the guidelines as establishing a presumptively reasonable sentence.  Treating the guideline's as presumptively reasonable results in the same Sixth Amendment violation that lead the Supreme Court to invalidate the sentencing guidelines in <u>Booker</u>.  Stating that the guidelines are advisory only but then proceeding to sentence as if nothing has changed since <u>Booker</u> puts form over substance and violates defendants' Sixth Amendment rights.  This Court is required to impose a sentence **"sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a)(1).  Section 3553(a)(2) directs the Court to consider the need for the sentence imposed:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense.  18 U.S.C. § 3553(a)(1), (3), (4),(5),(6), and (7).

Based on the Court's rulings at the first sentencing, Mr. Beason is a career offender by virtue of two minor drug convictions and a resisting arrest conviction. By virtue of the career offender enhancement, Mr. Beason's guideline imprisonment skyrockets from 92 to 115 months to 262 to 327 months. The Court departed downward from the career offender guideline pursuant to United States v. Shoupe, 988 F.2d 440 (3rd Cir. 1993). This Court correctly found that Mr. Beason's prior convictions were minor and that the career offender guideline significantly overrepresented the seriousness of Mr. Beason's criminal history. The Court departed by reducing Mr. Beason's criminal history category from VI to V and by reducing Mr. Beason's offense level from 34 to 31 which resulted in a guideline imprisonment range of 168 to 210 months. The Court then imposed a sentence of 190 months of incarceration, or 15 years and 10 months. Mr. Beason submits that this sentence is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

While every crime is serious, it must be realized that some crimes are more serious than others. That is why § 3553(a)(2)(A) requires the Court to consider the seriousness of the offense when determining the sentence sufficient, but not greater than necessary, to punish the defendant. Mr. Beason's offense is not serious in comparison to the federal offenses normally prosecuted before the Court. Ms. Niemeyer was not seriously injured and returned to her job the same day. This does not diminish the fact that she was the victim of a crime, however, the extent of any injuries suffered by the victim of a crime is a common factor used to judge the seriousness of the offense. Indeed, the applicable section of the Sentencing Guidelines, § 2B3.1, specifically considers the extent of any injuries sustained by the victim. The total offense level called for by § 2B3.1 includes a two-level increase in Mr. Beason's offense level because Ms. Niemeyer suffered bodily injury. So, Mr.

3

Beason's guideline range without the career offender enhancement specifically takes into account Ms. Niemeyer's injuries and the impact the offense had on her.

One way this Court can judge the seriousness of the offense and the sentence sufficient, but not greater than necessary, to punish Mr. Beason is to look at the charges that were filed against Mr. Beason in state court as a result of this incident. Mr. Beason was charged with simple assault and robbery based upon the assault on Ms. Niemeyer. Defendant's Exhibit A. The simple assault is a misdemeanor of the second degree 18 Pa.C.S.A. § 2701(b), which carried a statutory maximum penalty of two years imprisonment. 18 Pa.C.S.A. § 106(b)(7). The robbery is a felony of the second degree, 18 Pa.C.S.A. § 3701(a)(iv) and (b), because during the course of a theft Mr. Beason inflicted bodily injury. Defendant's Exhibit A p.2. The statutory maximum for the robbery offense was ten years of imprisonment. 18 Pa.C.S.A. § 106(b)(3). Thus, Mr. Beason's guideline imprisonment range of 92 to 115 months, before application of the career offender enhancement, put him at the high end of the statutory maximum penalty he would have faced had his charges remained in state court rather than being brought to federal court.

Of course, Mr. Beason was convicted in federal court and not state court but that does not make the state court penalties irrelevant. State courts have much more experience dealing with the prosecution of assaultive crimes than do federal courts. Accordingly, it is not inappropriate for the this Court to look at the state court penalties when assessing the seriousness of the offense.

A sentence within the range called for by the guidelines without the career offender enhancement would promote respect for the law and provide just punishment for the offense. A sentence of roughly eight to nine years of imprisonment for striking a letter carrier can not in any way be interpreted as a lenient sentence. Eight to nine years of imprisonment for this offense would

be viewed by the public, and Mr. Beason, as a significant sentence that is more than sufficient to punish Mr. Beason for the offense.  Furthermore, a sentence of eight to nine years certainly provides ample deterrence to criminal conduct and protects the public from further crimes of Mr. Beason as he will be incarcerated for almost a decade.  Finally, while the Court noted that Mr. Beason could benefit from mental health treatment while incarcerated, that treatment need not be fifteen years in length.

A further comment on the career offender enhancement is appropriate.  In November 2004, the Sentencing Commission issued a report entitled Fifteen Years of Guidelines Sentencing. http://www.ussc.gov/15_year/15year.htm One area of the study focused on the racial impact of the career offender guideline.  In the study the Commission states that "although Black offenders constituted just 26 percent of the offenders sentenced under the guidelines in 2000, they were 58 percent of the offenders subject to the severe penalties required by the career offender guideline.  Most of these offenders were subject to the guideline because of the inclusion of drug trafficking crimes in the criteria qualifying offenders for the guideline." Id. at 133.  The Commission goes on to note studies which have suggested that minorities have a higher risk of conviction for drug offenses because of the "relative ease of detecting and prosecuting offenses that take place in open-air drug markets, which are most often found in impoverished minority neighborhoods." Id. at 134. The Commission's analysis of recidivism rates for drug trafficking offenders sentenced as career offenders "shows that their rates are much lower than other offenders who are assigned to criminal history category VI," and more closely resemble the rates for offenders in the lower criminal history categories in which they would be placed without application of the career offender provision. Id.

Mr. Beason's prior drug convictions are exactly the type of easily detected and prosecuted

drug crimes referred to by the Commission in its report. Both sales occurred in the 200 block of east 22nd Street in "the Hood." PSR ¶¶ 35 and 36. In other cases this Court has heard of "the Hood" and its designation as a high crime area known for the distribution of crack cocaine. "The Hood" is the type of open-air drug market located in an impoverished minority neighborhood described by the Commission. Accordingly, the Commission's own study of career offender sentences shows that the career offender enhancement, as applied to Mr. Beason overstates Mr. Beason's risk of recidivism and need of additional punishment.

This Court should sentence Mr. Beason within the 92 to 115 months range called for by the sentencing guidelines without the career offender enhancement. A sentence in this range is sufficient, but not greater than necessary, to achieve the goals of sentencing.

WHEREFORE, defendant, Demond Poetry Beason, respectfully requests that this Honorable Court impose a sentence sufficient, but not greater than necessary, to punish him for his offenses.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653