IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

    v.                CRIMINAL NO. 03-40 ERIE

DEMOND POETRY BEASON


RESENTENCING


Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Monday, February 6, 2006.


APPEARANCES:
        CHRISTIAN A. TRABOLD, Assistant United States
        Attorney, appearing on behalf of the Government.

        THOMAS W. PATTON, Assistant Federal Public

Defender, appearing on behalf of the Defendant.

Ronald J. Bench, RMR - Official Court Reporter

2

1          P R O C E E D I N G S

2

3          (Whereupon, the proceedings began at 9:10 a.m., on

4   Monday, February 6, 2006, in Courtroom C.)

5

6          THE COURT:  This is the time set for resentencing in

7   the case of United States versus Demond Poetry Beason.  It's

8   docketed at Criminal No. 03-40 Erie.  Mr. Patton, do you have a

9   second position with respect to sentencing factors?

10         MR. PATTON:  Your Honor, first off, I want to again

11  state for the record we have several objections to the

12  calculations of the guidelines.

13         THE COURT:  They're all incorporated.

14          MR. PATTON:  We haven't --

15          THE COURT:  Not to interrupt you, this only came

16  back from the circuit on Booker?

17          MR. PATTON:  Correct.  The case was not even fully

18  briefed before the Third Circuit, when the court issued kind of

19  its protocol on how they were going to handle Booker

20  resentences.  By consent of the parties, the Third Circuit

21  remanded the case to this court for resentencing.

22          THE COURT:  Okay.

23          MR. PATTON:  I think that this case, the sentence in

24  this case really hinges on the phrase in Section 3553(a), that

25  the sentence has to be "sufficient, but not greater than

3

1  necessary" to comply with the goals of sentencing.  Because

2  even as your Honor recognized the first time around, the

3  sentence called for by the guidelines in this case, by virtue

4  of the career offender enhancement, was really out of

5  proportion with the offense that occurred here.  And, of

6  course, you never want to minimize a crime, and a crime of this

7 nature that is not a victimless crime, Ms. Niemeyer was

8 assaulted and she did sustain some mild injuries. So I don't

9 in any way try to denigrate that.

10        But I think that you have to realize that there are

11 crimes that are more serious than others and in the larger

12 scheme of things, this was not the crime of the century. In

13 that the sentence called for by the guidelines was way too

14 harsh. And that in this case, when you try to decide what is

15 "sufficient, but not greater than necessary," I believe that a

16 sentence without using the career offender enhancement is

17 appropriate in this case.

18        A sentence of 92 to 115 months is adequate to

19 reflect the seriousness of the offense and to promote respect

20 for the law, and provide just punishment for the offense. When

21 you're talking about, even at the high end of the range, close

22 to 10 years for this offense, that sentence cannot be called by

23 anyone as a slap on the wrist or somehow a lenient or light

24 sentence.

25        And a sentence of close to 10 years is enough to

1  deter other individuals.  It incapacitates Mr. Beason for 10

2  years, which accomplishes the goal of protecting the public

3  from further crimes.  And 10 years is enough to provide any

4  educational or vocational training, medical care that Mr.

5  Beason needs.

6         I'm sure you reread the presentence report, again,

7  if you look at the three convictions he has as an adult.  One's

8  for selling two $20 rocks of crack cocaine.  One is for selling

9  two fake rocks of crack cocaine.  And one is a resisting

10  arrest, struggling with a police officer when they were

11  arresting him on an outstanding warrant.  Those are not serious

12  offenses.

13         After a 15-year study of the guidelines by the

14  Sentencing Commission, when you use the prior drug convictions,

15  when those were incorporated in the career offender

16  calculation, it shows the racial impact it has on that.  The

17  simple fact of the matter is that crimes are prosecuted more

18  heavily, they're more easily detected in these open-air drug

19  markets.  In the Hood in Erie, if Erie vice wanted to, or the

20  EAGLE Task Force, they could arrest probably five, ten people a

21  day, if all they wanted to do was go out and arrest people

22  selling a couple rocks of crack cocaine.  It's a lot harder to

23  investigate drug crimes that occur in more affluent parts of

24  society.  That is not a knock on law enforcement, it's the

25  reality of the situation.  One crime is a lot easier to detect

                                5

1   than the other.  I think that's clearly what you have in this

2   case.

3          So I just strongly argue to the court that this is a

4   case where if the Booker discretion means something, it should

5   be exercised to say okay, a sentence within what the guidelines

6   would call for without a career offender enhancement is

7   sufficient.  It is not greater than what's truly necessary.

8          THE COURT:  All right, thank you, Mr. Patton.

9          MR. PATTON:  Your Honor, I've discussed this with

10  Mr. Beason, Mr. Beason does not wish to make a statement to

11  your Honor.

12         THE COURT:  Very good.  All right, what do you want

13  to tell me, Mr. Trabold?

14         MR. TRABOLD:  Your Honor, we would rely on our

15  previous filing in this case.  Because it contains the thrust

16   of the government's argument. Which essentially is that Mr.

17   Beason has been unable to, throughout his lifetime, to abide by

18   the requirements of society in general, the criminal justice

19   system more specifically. He has had multiple involvements,

20   obviously, three prior adult convictions. But he also had

21   multiple juvenile involvements. Essentially, he has lived his

22   entire life in the criminal justice system.

23          What's troubling to me about the case and what I

24   think justifies the court's previous sentence, is that within a

25   matter of days after serving the maximum possible sentence on

6

1   his last adult conviction, Mr. Beason committed the crime that

2   we're here on today. Demonstrating yet again that for however

3   many times he's been involved in the system, that he's unable

4   to conform his conduct to the requirements of ordinary society.

5          And this case really doesn't have anything to do

6   with racial disparity between individuals involved in drug

7   selling offenses. Quite simply, there's an easy way not to

8   find yourself in the criminal justice system, it has nothing to

9   do with race. Simply don't commit additional crimes.

10      Your Honor, the government respectfully disagrees

11 with your decision to grant a downward departure. Having

12 granted a downward departure, it's our position that you took

13 into account all of Mr. Beason's concerns at the earlier

14 sentencing with regard to career offender. And he's not

15 entitled, based on his prior record, his obvious inability to

16 rehabilitate himself, the fact he was only out on the street

17 for a mere matter of days after getting out for his last

18 offense, it's our position that the sentence you imposed before

19 was justified both under the guidelines and justified under

20 ordinary common sense that at some point the system has to take

21 into account a person's total inability or lack of desire to

22 rehabilitate themselves. No matter what the circumstances of

23 their prior crimes may have been. Thank you.

24      THE COURT: All right. I think first of all, for

25 the record, so the record is clear, I need to make some

7

1 findings before I do anything else. I want to take a short

2 break, I want to look at something in the previous sentencing

3 transcript. But the findings I am making now relate to or grow

4  out of the previous conclusion, the career offender status

5  applies.  I recognize the defendant's objection to those, those

6  are all preserved for the reasons set forth on the record at

7  the previous sentencing on September 22, 2004.  I concluded

8  then, as I conclude now, that career offender applies.

9      That having been said, the total offense level

10  applicable would be a 34.  With a criminal history category of

11  VI.  The statutory provision as to custody as to Count One,

12  25 years; as to Count Two, 20 years.  The guideline provisions

13  262 To 327 months.  Incidentally, lest I forget, I recognize

14  full well that the guidelines are now advisory by virtue of

15  Booker and its progeny.  The statutory provision as to

16  probation inapplicable.  Also inapplicable under the

17  guidelines.  The statutory provision as to supervised release

18  as to Count One not more than five years.  As to Count Two not

19  more than three years.  The guideline provisions as to

20  supervised release as to Count One, three to five years.  As to

21  Count Two, two to three years.  Restitution is inapplicable

22  under both the statutory and guideline provisions.  And a

23  special assessment of $100 applies with respect to both.

24      I'm going to take a short break, then I'll come out

25   and impose sentence.

8

1          (Recess from 9:19 a.m.; until 9:26 a.m.)

2          THE COURT:  Mr. Patton, just so the record is clear,

3   let me ask your client directly, Mr. Beason, you understand

4   that you have the right now, you have an opportunity to address

5   me before sentencing, but is my understanding correct that you

6   don't want to do that?

7          THE DEFENDANT:  No.

8          THE COURT:  Well, that won't come out right.  Is it

9   true, is it accurate that you know you have the right to

10   address the court but you don't want to do so, is that correct?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Okay.  First of all, with respect to

13   this sentencing, as I indicated earlier, I'm now well aware the

14   guidelines are advisory only.  However, I'm required to consult

15   the Sentencing Guidelines in determining what would be an

16   appropriate sentence.  In addition to the guidelines,

17   consistent with Booker, I also am required to consider various
            _____

18   other factors that are set forth at 3553(a), which require me

19  to impose a sentence that is "sufficient, but not greater than

20  necessary," to comply with the purposes that are set forth at

21  paragraph two.  Section 3553(a)(2), states that such purposes

22  are:

23          (A)  to reflect the seriousness of the offense, to

24  promote respect for the law, and to provide just punishment for

25  the offense;

9

1           (B)  to afford adequate deterrence to criminal

2   conduct;

3           (C)  to protect the public from further crimes of

4   the defendant; and

5           (D)  to provide the defendant with needed

6   educational or vocational training, medical care, or other

7   correctional treatment in the most effective manner.

8           Section 3553(a) also directs the sentencing court to

9   consider, (1)  the nature and circumstances of the offense and

10  the history and characteristics of the defendant; the kinds of

11  sentences that are available; the need to avoid unwanted

12  sentencing disparities among defendants with similar records

13  who have been found guilty of similar conduct; and the need to

14  provide restitution to victims of those offenses.

15         So in fashioning the sentence here, I have carefully

16  considered the advisory guideline range, as well as the other

17  factors which I have articulated.

18         Let me also state for the record that the advisory

19  guideline -- let me say that again.  At the previous sentence I

20  indicated that I felt that a downward departure such that a

21  total offense level of 31, with a criminal history category of

22  V was appropriate.  For all of the reasons I previously set

23  forth, I incorporate them herein by reference.  That said, it

24  would yield an advisory guideline range of 168 to 210 months.

25         In fashioning this sentence here today on Booker
                                                       _____

                                10

1  remand, I have, as I indicated, consistent with Booker,
                                                    _____

2  considered and do consider several factors as set forth above.

3         First, with respect to the seriousness of the

4  offense.  I believe on September 21, 2004, and I believe now,

5  that the offense was very serious, as it involved the physical

6  assault, striking of a female postal worker. I think it is of

7  some significant moment that the assault in this case occurred

8  approximately six days after the defendant had been released

9  from a period of incarceration. A review of the presentence

10 report in this case demonstrates that Mr. Beason has spent most

11 of his adult life in jail for a series of offenses which, as I

12 previously indicated, resulted in a finding of career offender.

13        Particularly, with respect to a defendant such as

14 Mr. Beason, I am convinced that the sentencing factor or policy

15 consideration and protection of the public looms very, very

16 large. And so I've considered all of those factors in

17 fashioning this sentence. All right, Mr. Beason, would you

18 stand up, please.

19        Pursuant to the Sentencing Reform Act of 1984, it is

20 the judgment of the court that the defendant, Demond Poetry

21 Beason, is hereby committed to the custody of the Bureau of

22 Prisons, to be imprisoned for a term of 190 months. This term

23 consists of 190 months at Count One and at Count Two, to be

24 served concurrently.

25        Upon release from imprisonment, the defendant shall

1  be placed on supervised release for a term of three years.

2  This term consists of three years at Count One, and three years

3  at Count Two, to run concurrently.

4          Within 72 hours of release from the custody of the

5  Bureau of Prisons, the defendant shall report in person to the

6  Probation Office in the district to which the defendant is

7  released.

8          While on supervised release, the defendant shall not

9  commit another federal, state or local crime, shall comply with

10  the standard conditions of supervision recommended by the

11  Sentencing Commission and adopted by this court, and shall

12  comply with the following additional conditions:

13          The defendant shall not illegally possess a

14  controlled substance.

15          The defendant shall not possess a firearm or

16  destructive device.

17          The defendant shall participate in a program of

18  testing and, if necessary, treatment for substance abuse as

19  directed by the probation officer until such time as the

20  defendant is released from the program by the probation

21  officer.

22      Further, the defendant shall be required to

23  contribute to the cost of services for any such treatment in an

24  amount determined by the probation officer, but not to exceed

25  the actual cost.

12

1       The defendant shall submit to one drug urinalysis

2   within 15 days after being placed on supervision and at least

3   two periodic tests thereafter.

4       The defendant shall undergo a mental health

5   assessment and, if deemed necessary, shall participate in a

6   mental health treatment program as directed by the probation

7   officer until such time as the defendant is released from the

8   program by the probation officer.

9       It is further ordered that the defendant shall pay

10  to the United States a special assessment of $200, which shall

11  be paid to the United States District Court Clerk forthwith.

12      I find this defendant does not have the ability to

13  pay a fine and, consequently, I will waive a fine in this case.

14      Mr. Beason, do you understand that you do have the

15   right to appeal this sentence that I imposed today --

16          THE DEFENDANT:  I intend to.

17          THE COURT:  If you can let me finish what I'm going

18   to tell you, to make sure you understand the timeframe.  Do you

19   understand that you have to do so within 10 days?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  All right.  Anything else, Mr. Patton?

22          MR. PATTON:  No, sir.

23          THE COURT:  Anything further from the government?

24          MR. TRABOLD:  No, your Honor.

25          THE COURT:  All right, we're adjourned.


                                13


1          (Whereupon, at 9:35 a.m., the Resentencing

2    proceedings were concluded.)

3

4                   - - -

5

6

7

8              C E R T I F I C A T E

9

10

11     I, Ronald J. Bench, certify that the foregoing is a

12  correct transcript from the record of proceedings in the

13  above-entitled matter.

14

15

16

17  _____

18  Ronald J. Bench

19

20

21

22

23

24

25