**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1531

———————

UNITED STATES OF AMERICA

v.

DEMOND POETRY BEASON,

          Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 03-cr-00040)
District Judge: Hon. Sean J. McLaughlin

———————

Submitted under Third Circuit LAR 34.1(a)
on May 18, 2007

Before: FISHER and ROTH, Circuit Judges
RAMBO*, District Judge

(Opinion filed: August 17, 2007)

———————

*Judge Sylvia H. Rambo, United States District Court Judge, for the Middle District of Pennsylvania, sitting by designation.

## OPINION

**ROTH,** <u>Circuit Judge</u>:

Demond Poetry Beason appeals the judgment of sentence imposed on him by the United States District Court for the Western District of Pennsylvania. There are three issues on appeal. First, Beason appeals the District Court's determination that he was a career offender for Sentencing Guidelines purposes. Second, Beason appeals the District Court's two-point enhancement under U.S.S.G. § 2B3.1(b)(1) for taking "property" of a post office.[1] Finally, Beason appeals the reasonableness of the sentence under *United States v. Booker*, 543 U.S. 220 (2005). For the reasons set forth below, we will affirm the judgment of the District Court.

## I. <u>Background and Procedural History</u>

Beason struck a female United States Postal Service mail carrier in the face while she was in the process of delivering mail. Beason initially grabbed the mail that the postal carrier was holding but released his grip as he made contact with the worker. He then calmly walked away. The mail carrier suffered cuts under her left eye, a large bruise to that eye and a sore nose. Shortly after the crime, Beason was apprehended by the authorities. He was found in possession of a letter that had been delivered by the victim in the area of the attack.

---

[1] We have reviewed this contention and find it to be without merit. Moreover, as we note *supra*, the finding that Beason is a career offender moots his contention that the § 2B3.1(b)(1) enhancement is inappropriate.

In 2003, a grand jury in the Western District of Pennsylvania returned a three-count indictment charging appellant with violations of 18 U.S.C. § 2121(a) (Count 1), 18 U.S.C. §§ 111(a)(1) and (b) (Count 2), and 18 U.S.C. § 1708 (Count 3). In June 2004, a jury found appellant guilty for Counts One and Two.[2]

In September 2004, the District Court sentenced Beason to concurrent periods of imprisonment of 190 months on Counts One and Two. The court applied the career offender enhancement of U.S.S.G. § 4B1.1, which raised Beason's criminal history from V to VI, but then granted a downward departure under *United States v. Shoupe*, 35 F.3d 835 (3d Cir. 1994), reducing the criminal history to V. Beason appealed and with the parties' consent, we remanded the case to the District Court for resentencing in light of *Booker*. The District Court reimposed the same sentence of 190 months' imprisonment.

Beason appealed.

## II. Discussion

The District Court had jurisdiction over the action under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

### A. Enhancements

Beason argues that the District Court erred by categorizing him as a career offender in light of his prior Pennsylvania criminal convictions. Specifically, Beason contends that his conviction for resisting arrest, in violation of 18 Pa. C.S. § 5104, was not a crime of

---

[2]The District Court granted a motion for judgment of acquittal as to Count Three.

violence under Guideline § 4B1.2(a). The determination of whether a particular crime is a crime of violence is a question of law and our review is plenary. *United States v. Dorsey*, 174 F.3d 331, 332 (3d Cir. 1999).

Section 4B1.2(a)(1) defines a "crime of violence" as "any offense under federal or state law, punishable by a term exceeding one year that (1) has as an element the use, attempted use, or the threatened use of physical force against the person of another." At sentencing, Beason argued that "the use, attempted use or threatened use of physical force against the person of another" is not a necessary element of resisting arrest. The District Court disagreed, finding that the language was necessarily subsumed within the Pennsylvania statute's definition of resisting arrest.[3] We conclude that the District Court did properly categorized Beason's conviction under 18 Pa. C.S.A. § 5401 as a crime of violence.[4]

Moreover, because Beason was properly categorized as a career offender, his contention that his sentence should not be enhanced for stealing government property is moot

---

[3]18 Pa. C.S.A. § 5104 states that "[a] person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."

[4]U.S.S.G. § 4B1.1(3) states that a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Beason was convicted in 1993 of possession with intent to deliver drugs, a controlled substance offense. This conviction is not on appeal. Because we hold that the District Court properly categorized Beason's conviction for resisting arrest as a crime of violence, the career offender requirements are satisfied. Thus, there is no reason to address Beason's argument involving the 1992 non-controlled counterfeit substance conviction.

because the career offender offense level is greater than the offense level with the § 2B3.1(b)(1) enhancement would have been. *See* § 4B1.1(b).

### B. Reasonableness Review

Beason contends that the District Court's sentence was inconsistent with applicable procedural and substantive requirements. This court reviews the sentence for its "reasonableness," in reference to the 18 U.S.C. § 3553(a) factors. *Booker*, 543 U.S. at 261 (2005). In *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), we elaborated on reasonableness review and set forth certain guiding principles. First, appellants bear the burden of demonstrating unreasonableness. *Id*. at 332. The standard of review for reasonableness is "deferential," as the district court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id*. at 330. In giving "meaningful consideration" to the § 3553(a) factors, a district court need not discuss every argument made by the litigants, or specifically make findings as to each of the § 3553(a) factors, so long as the record reflects the court considered the § 3553(a) factors as well as the meritorious arguments raised by the parties. *Id*. at 329. In sum, what we must decide, taking the record as a whole, is whether the sentencing judge imposed a sentence "for reasons that are logical and consistent with the factors set forth in § 3553(a)." *Id*. at 330 n.8. *See also United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

The appellant has not met his burden of proving unreasonableness because it is clear that the District Court complied with the requirements of *Booker*, *Cooper*, and *Gunter*. The sentence was not unreasonable in light of the § 3553(a) factors, nor is there any evidence

suggesting the District Court rejected legally and factually compelling arguments.[5]

Therefore, we hold the sentence imposed by the District Court was reasonable.

### III. **Conclusion**

For the foregoing reasons, we will affirm the District Court's judgement of sentence.

---

[5]Beason claims the Court did not address his racial disparity argument. Further, Beason claims there was an "institutional failing" because he was allowed back into society without the proper guidance. Both these contentions legally and factually unsupported, and the District Court was not required to address them.