IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil Action No. 09-128 Erie |
| v. ) | Criminal Action No. 03-40 Erie |
| ) | |
| DEMOND POETRY BEASON, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

  Presently pending before the Court is a motion by Defendant, Demond Poetry Beason to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. BACKGROUND

  On November 4, 2003, a federal grand jury in the Western District of Pennsylvania returned a three count Indictment charging Defendant with assault with intent to steal mail matter (Count I), assault of a United States Postal Service employee while she was performing her official duties (Count II), and possession of an item of mail which had been stolen from the United States mails (Count III), in violation of 18 U.S.C. §§ 2114(a), 111(a)(1) and (b), and 1708, respectively. See Indictment [Doc. No. 1]. Defendant was found guilty by a jury of Counts I and II on June 18, 2004. See Jury Verdict [Doc. No. 37]. On September 21, 2004, Defendant was sentenced to concurrent periods of imprisonment of 190 months on Counts I and II. See Judgment [Doc. No. 46].[1]

  Defendant filed a Notice of Appeal, and in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the parties consented to a remand for re-sentencing. See Mandate [Doc. No. 54]. A re-sentencing hearing was held on February 6, 2004, and Defendant was again sentenced to concurrent periods of imprisonment of 190 months on Counts I and II. See Judgement [Doc. No. 63].

---

  [1] A motion for judgment of acquittal was granted as to Count III. See Judgment [Doc. No. 46].

Defendant timely appealed his sentence to the Third Circuit Court of Appeals, which affirmed the Court's sentence in a non-precedential opinion on August 17, 2007.  See United States v. Beason, 238 Fed. Appx. 854 (3rd Cir. 2007).  Defendant then filed a Petition for Certiorari, which was denied by the Supreme Court on April 21, 2008.  See Beason v. United States, 128 S.Ct. 2049 (2008).  His Petition for Rehearing was denied by the Supreme Court on June 9, 2008.  See Beason v. United States, 128 S.Ct. 2927 (2008).

On June 4, 2009, Defendant filed the instant § 2255 motion.  See Motion [Doc. No. 74]. The Government has filed a Brief in opposition [Doc. No. 76] and the matter is now ripe for our determination.

## II. Standard of review

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. The court may dispose with the necessity of a hearing if the motion and the files and records "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  See also United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).  Here, for the reasons that follow, I agree with the Government that the Defendant's motion should be dismissed for failure to comply with the statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA").

## III. Discussion

A § 2255 motion must be filed within the statute of limitations period imposed by Congress in the AEDPA.  The Act provides for a one-year period of limitations for a prisoner to file a motion under section 2255, and runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  A judgment becomes final for purposes of the AEDPA limitations when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 527 (2003).  Here, Defendant's conviction became "final" on April 21, 2008, when the Supreme Court denied his Petition for Certiorari.  However, Defendant did not file the instant § 2255 motion until June 4, 2009, which is well outside the one year time limit under the AEDPA.

I also note that the filing of a petition for rehearing in the Supreme Court does not toll the commencement of the one year filing period.  In United States v. Rosendary, 2007 WL 776797 at *2 (W.D.Pa. 2007), this Court noted that every circuit which has addressed this issue has so concluded.  See United States v. Segers, 271 F.3d 181, 185-86 (4th Cir. 2001) (holding that a conviction becomes final on the date of denial of certiorari; a petition filed less than 2 months after the expiration of the one-year period of limitations was untimely because, without an order of the Court, a petition for rehearing has no effect), cert. denied, 535 U.S. 943 (2002); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (one-year limitation period commences on date of denial regardless of whether a petition for rehearing is filed); United States v. Thomas, 203 F.3d 350, 355-56 (5th Cir. 2000) (petition filed one year and three days after Supreme Court's denial of certiorari dismissed as untimely, rejecting claims that 25 day time period for filing petition for rehearing must have expired and that conviction was not final until circuit court received the certiorari denial); Horton v. United States, 244 F.3d 546, 550-51 (7th Cir. 2001) (petition filed one year and two days after Supreme Court denied certiorari dismissed irrespective of opportunity to petition Supreme Court for rehearing); In re Smith, 436 F.3d 9, 10 (1st Cir.) (certificate of appealability denied as to whether district court properly dismissed § 2255 petition as untimely, indicating that the issue of whether the filing of a petition for rehearing tolls the one-year limitation period for filing § 2255 petition was not reasonably debatable), cert. denied, 549 U.S. 923 (2006); United States v. Campa-Fabela, 339 F.3d 993, 994 (8th Cir. 2003) (habeas petition untimely despite filing of a petition for rehearing), cert. denied, 541 U.S. 967 (2004); Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007) ("We now join our sister circuits

and, consistent with the Supreme Court's decision in *Clay*, hold that finality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review."), cert. denied, 129 S.Ct. 159 (2008).

### IV. CONCLUSION

Based upon the foregoing, I find that the Defendant's conviction became final on April 21, 2008, the date on which the Supreme Court issued its denial of certiorari. Because Defendant did not file the instant § 2255 motion until June 4, 2009, his motion shall be dismissed as untimely.[2] In addition, no certificate of appealability will be issued, as Defendant has not made a substantial showing of the denial of any constitutional right. See 28 U.S.C. § 2253(c). An appropriate order follows.

### ORDER

AND NOW, this 4th day of November, 2009, and for the reasons set forth above, it is hereby ORDERED that the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 74] is DISMISSED as untimely.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), no certificate of appealability shall be issued, as Defendant has not made a substantial showing of the denial of a constitutional right.

                                        s/ Sean J. McLaughlin
                                        United States District Judge

cm: All parties of record.

---

[2] Because I find the limitations issue is dispositive, I need not reach the Government's remaining arguments.